# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | No. ACM 40751 |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Robert A. PHILPOT III** | ) | |
| **Airman First Class (E-3)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

On 13 April 2026, Appellant submitted a motion to withdraw from appellate review, along with a request to attach Appellant's DD Form 2330, *Waiver/Withdrawal of Appellate Rights in General and Special Courts-Martial Subject to Review by a Court of Criminal Appeals*, signed by Appellant on 10 April 2026 and Appellant's counsel on 13 April 2026.

The Government did not file a response.

Accordingly, it is by the court on this 17th day of April, 2026,

**ORDERED:**

Appellant's Motion to Withdraw from Appellate Review and Attach is **GRANTED.** Appellant's case is forwarded to the Appellate Records Branch (JAJM) for further processing in accordance with Rules for Courts-Martial 1115(f)(3) and 1201, *Manual for Courts-Martial, United States* (2024 ed.).

FOR THE COURT

AGNIESZKA M. GAERTNER, Capt, USAF
Commissioner

**IN THE UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

| | | |
|---|---|---|
| **UNITED STATES** | ) | **MOTION TO WITHDRAW FROM** |
| *Appellee,* | ) | **APPELLATE REVIEW AND** |
| | ) | **MOTION TO ATTACH** |
| | ) | |
| v. | ) | Before Panel No. 1 |
| | ) | |
| Airman First Class (E-3), | ) | No. ACM 40751 |
| **Robert A. PHILPOTT, III,** | ) | |
| United States Air Force, | ) | April 13, 2026 |
| *Appellant.* | ) | |

**TO THE HONORABLE, THE JUDGES OF THE**
**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS:**

Pursuant to Rule 16 of this Honorable Court's Rules of Practice and Procedure, and Rule for Courts-Martial (R.C.M.) 1115, Appellant hereby moves to withdraw his case from appellate review. Appellant has fully consulted with Maj Trevor N. Ward, his appellate defense counsel, regarding this motion to withdraw. No person has compelled, coerced, or induced Appellant by force, promises of clemency, or otherwise to withdraw his case from appellate review.

Further, pursuant to Rules 23(b) and 23.3(b) of this Honorable Court's Rules of Practice and Procedure, undersigned counsel asks this Court to attach the two-page document appended to this pleading to Appellant's Record of Trial. The appended document is a Department of Defense Form 2330, signed by Appellant and undersigned counsel. The appended document is necessary to comply with R.C.M. 1115(d) and Rule 16.1 of this Honorable Court's Rules of Practice and Procedure.

**WHEREFORE**, Appellant respectfully requests that this Honorable Court grant the above captioned motion to withdraw from appellate review and likewise grant his request to attach matters to the record.

Respectfully submitted,

TREVOR N. WARD, Maj, USAF
Appellate Defense Counsel
Air Force Appellate Defense Division
United States Air Force
(240) 612-2807

**CERTIFICATE OF FILING AND SERVICE**

I certify that the original and copies of the foregoing were sent via email to the Court and served on the Government Trial and Appellate Operations Division on April 13, 2026.

Respectfully submitted,

TREVOR N. WARD, Maj, USAF
Appellate Defense Counsel
Air Force Appellate Defense Division
United States Air Force
(240) 612-2807

# ATTACHMENT

## WAIVER/WITHDRAWAL OF APPELLATE RIGHTS IN GENERAL AND SPECIAL COURTS-MARTIAL SUBJECT TO REVIEW BY A COURT OF CRIMINAL APPEALS

*(For use in courts-martial referred on or after 1 January 2019)*

I have read the attached entry of judgment in my case dated 20241028 .

I have consulted with Major Trevor N. Ward , my (associate) defense counsel concerning my appellate rights and I am satisfied with his/her advice.

I understand that:

1. If I do not waive or withdraw appellate review –

    a. My court-martial will be ☒ automatically reviewed by the Air Force Court of Criminal Appeals per Article 66(b)(3) or ☐ is eligible for direct review by the _____ Court of Criminal Appeals per Article 66(b)(1)(A-B).

    b. The Court of Criminal Appeals will review my case to determine whether the findings and sentence are correct in law and fact and whether the sentence is appropriate.

    c. After review by the Court of Criminal Appeals, my case could be reviewed for legal error by the United States Court of Appeals for the Armed Forces on petition by me or on request of the Judge Advocate General.

    d. If the Court of Appeals for the Armed Forces reviews my case, my case could be reviewed for legal error by the United States Supreme Court on petition by me or the Government.

    e. I have the right to be represented by military counsel, at no cost to me, or by civilian counsel, at no expense to the United States, or both, before the Court of Criminal Appeals, the Court of Appeals for the Armed Forces, and the Supreme Court.

2. If I waive or withdraw appellate review –

    a. My case will not be reviewed by the Court of Criminal Appeals, or be subject to further review by the Court of Appeals for the Armed Forces, or by the Supreme Court under 28 U.S.C. § 1259.

    b. My case will be reviewed by a judge advocate per Article 65(d)(3). Upon completion of that review, I may submit an application for consideration by The Judge Advocate General under Article 69(b), for review limited to the issue of whether this waiver or withdrawal was invalid under the law. See R.C.M. 1201(h)(4)(B).

    c. An Article 69(b) application must be filed within one year after the date of completion of review under Article 65(d)(3), if I can show good cause for filing later the period may be extended up to three years after the completion date.

    d. I may file a waiver of appellate review at any time after entry of judgment.

    e. I may file withdrawal from appellate review any time before such review is completed.

    f. A waiver or withdrawal, once filed, cannot be revoked, and bars further appellate review. A waiver or withdrawal may not be filed in any case where the sentence includes death.

3. Whether or not I waive or withdraw appellate review, I may petition the Judge Advocate General for a new trial under Article 73 on the grounds of newly discovered evidence or fraud on the court at any time within three years after the date of the entry of judgment.

I understand the foregoing, and I (~~waive my rights to appellate review~~) (withdraw my case from appellate review). I make this decision freely and voluntarily. No one has made any promises that I would receive any benefit from this waiver/withdrawal, and no one has forced me to make it.

| | |
|---|---|
| Robert A. Philpot, III | Airman First Class |
| TYPED NAME OF ACCUSED | RANK OF ACCUSED |
| *[signature]* | 20260410 |
| SIGNATURE OF ACCUSED | DATE |

# STATEMENT OF COUNSEL

*(Check appropriate block)*

☐ 1. I represented the accused at his/her court-martial

☐ 2. I am associate counsel detailed under R.C.M. 1115(b). I have communicated with the accused's (detailed) (individual military) (civilian) (appellate) defense counsel concerning the accused's waiver/withdrawal and discussed this communication with the accused.

☐ 3. I am substitute counsel detailed under R.C.M. 1115(b).

☐ 4. I am civilian counsel whom the accused consulted concerning this matter. I am a member in good standing of the bar of _____

☒ 5. I am appellate defense counsel for the accused.

I have advised the accused of his/her appellate rights and of the consequences of waiving or withdrawing appellate review. I was given a reasonable opportunity to examine the record of trial and any attachments in the accused's case before advising the accused. The accused has elected to (waive) (withdraw) appellate review.

| | |
|---|---|
| Trevor N. Ward | AF/JAJA |
| **TYPED NAME OF COUNSEL** | **UNIT OF COUNSEL** |
| Major | |
| **RANK OF COUNSEL** | **BUSINESS ADDRESS** *(If Civilian Counsel)* |
| | 20260413 |
| **SIGNATURE OF COUNSEL** | **DATE** |